UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CORVAWN MOORE, | CASE NO. 5:17CV593 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| | Magistrate Judge George J. Limbert |
| v. | |
| LYNEAL WAINWRIGHT, | REPORT AND RECOMMENDATION |
| | OF MAGISTRATE JUDGE |
| Respondent. | |

This matter is before the undersigned on a motion to dismiss filed by Respondent Lyneal Wainwright ("Respondent") on May 30, 2017. ECF Dkt. #6. Respondent asserts that Petitioner's habeas petition is barred by the statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Id.* Petitioner Corvawn Moore ("Petitioner") filed his habeas petition on March 14, 2017.[1] Following the filing of Respondent's motion to dismiss on May 30, 2017, Petitioner made several filings alleging that Respondent failed to comply with Rule 5 of the Rules Governing Section 2254 Cases, as ordered by the Court. ECF Dkt. #7; ECF Dkt. #9; ECF Dkt. #10; ECF Dkt. #11. For the reasons stated in the Order filed contemporaneously with the instant Report and Recommendation, Petitioner's motion for compliance (ECF Dkt. #7) was denied. Petitioner did not file a motion in opposition to Respondent's motion to dismiss, but instead briefly addresses Respondent's assertions in his additional filings.[2] *See* ECF Dkt. #9 at 2-3; ECF Dkt. #10 at 2.

For the following reasons, the undersigned RECOMMENDS that the Court GRANT Respondent's motion to dismiss (ECF Dkt. #6) and DISMISS Petitioner's petition for a writ of habeas corpus (ECF Dkt. #1) in its entirety with prejudice.

---

[1] The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was handed over to the prison mail system, not the date it was received and docketed by the federal habeas court. *Houston v. Lack*, 487 U.S. 266, 270-72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

[2] Petitioner also provides a discussion of the AEDPA statute of limitations in his habeas petition. ECF Dkt. #1 at 33-37.

1

## I. PROCEDURAL HISTORY

### A. State Trial Court

On October 21, 2013, the Stark County Grand Jury issued an indictment charging Petitioner with aggravated robbery, in violation of Ohio Revised Code ("R.C.") § 2911.01(A)(1), and felonious assault, in violation of R.C. § 2903.11(A)(1) and/or (A)(2), each with a firearm specification. ECF Dkt. #6-1 at 5. Following negotiations with the State, Petitioner withdrew his plea of not guilty and entered a guilty plea. *Id.* at 8. The trial court accepted Petitioner's plea and imposed a prison term of four years on the aggravated robbery charge, concurrent to a three-year term for the felonious assault charge, and consecutive to three years for the merged firearm specifications, for a total aggregate sentence of seven years. *Id.* at 14. Petitioner did not file a timely appeal from his conviction or sentence, and, as such, his conviction became final thirty days later, on January 12, 2014.

### B. Post-Conviction Filings

On July 15, 2015, Petitioner, acting *pro se*, filed a "motion for sentencing, motion for issuance of final appealable order, and motion for allied offense determination." ECF Dkt. #6-1 at 22. The trial court overruled Petitioner's motion as well as his subsequent motion for reconsideration. *Id.* at 44-45.

On July 27, 2015, Petitioner, *pro se*, filed a timely notice of appeal in the Fifth District Court of Appeals, Stark County, Ohio. ECF Dkt. #6-1 at 46. In his brief, Petitioner raised four assignments of error relating to whether: (1) the trial court issued a final appealable order; (2) the trial court failed to give notice of the consequences of a violation of post-release control; (3) the failure of the trial court regarding post-release control in the plea colloquy implicates the validity of a plea; and (4) his due process rights were violated when the trial court ordered concurrent sentences. *Id.* On March 28, 2016, the Fifth District Court of Appeals overruled all four of Petitioner's assignments of error and affirmed the judgment of the trial court. *Id.* at 109.

Petitioner then filed an application for reconsideration on his third assignment of error, challenging the trial court's plea colloquy regarding his post-release control sentence. ECF Dkt. #6-1 at 118. The Fifth District Court of Appeals overruled the application for reconsideration,

noting that Petitioner had failed to file a direct appeal of his conviction and that he was not entitled to a free transcript for his post-conviction proceedings. *Id.* at 146.

Petitioner, acting *pro se*, filed a timely notice of appeal in the Supreme Court of Ohio on June 10, 2016. ECF Dkt. #6-1 at 142. In his memorandum in support of jurisdiction, Petitioner set forth the following propositions of law:

1. Whether due process (U.S.C.A. Const. Amend. 14) is implicated where a trial court fails to render an ['adjudication of guilt'] as defined in State v. Poindexter (1988), 36 Ohio St. 3d 1, 5; and State v. Whitfiled, 124 Ohio St. 3d 319, at: ¶14, urging to the contrary that a criminal defendant's ['plea of guilty'] will suffice. see: Crim R. 32(C); and, see : State v. Reese, 2007 Ohio 2267, at: ¶10.

2. Whether due process, U.S.C.A. Const. Amend. 14, is implicated (as well the Fifth Amendment's prohibition against 'double jeopardy') where a trial court imposes 'current sentences' in lieu of 'merging' same. see: State v. Collins, 2013 Ohio App. Lexis 3869, at : HN^ (and thereupon fails to properly impose a term of postrelease control, O.R.C. § 2943.032(E).

3. Whether due process, U.S.C.A. Const. Amend. 14, and fundamental fairness are implicated where, as here, an appellate court denied the 'transcript of proceedings' to a ['declared indigent'] defendant (on appeal as of right) and then later uses the lack of a transcript as basis to both: (1) increase to originally imposed sentence; and (2) as basis for denying the appeal in its entirety. [sic]

*Id.* at 152-53. On September 14, 2016, the Supreme Court of Ohio declined to accept jurisdiction of Petitioner's appeal. *Id.* at 176.

### **C.** **Motions for Leave to Withdraw Guilty Plea**

Meanwhile, Petitioner, acting *pro se*, also filed a motion for leave to withdraw his guilty plea on April 14, 2016. ECF Dkt. #6-1 at 177. On April 20, 2016, the trial court overruled Petitioner's motion to withdraw his guilty plea as meritless. *Id.* at 220. Petitioner filed a timely notice of appeal in the Fifth District Court of Appeals asserting that: (1) he was denied transcripts of the proceedings and counsel, as requested; and (2) his guilty plea should be withdrawn due to the breach of a plea agreement. *Id.* at 233. Petitioner also filed several motions for additional time and to amend the record to include the trial transcript of his plea proceedings. *Id.* at 224, 230. The appellate court denied Petitioner's motions for the trial transcript, again noting that the post-conviction appeal was not the direct appeal of his conviction. *Id.* at 232. Ultimately, the Fifth District Court of Appeals overruled Petitioner's assignments of error under the law-of-the-case

-3-

doctrine. *Id.* at 283. On November 4, 2016, Petitioner, *pro se*, filed a notice of appeal in the Supreme Court of Ohio. *Id.* at 293. Petitioner raised the following propositions of law:

1. Whether defense counsel's failure to advise his client of a substantially lesser penalty contractual plea agreement, and instead, stands silent at the sentencing hearing thereby enabling his client to be sentenced to a far greater penalty inmplicates the right to counsel; the underlying plea as far less than knowingly, intelligent and voluntary requiring vacation of plea and remand. see: <u>Santobello v. New York</u>, 404 U.S. 257; <u>Strickland v. Washington</u>, 466 U.S. 668; <u>State v. Adams</u>, 2014 Ohio 724, at: HN2; Crim. R. 11(C)(2)(a); and <u>State v. Blatnik</u>, __ N.E. 2d __ (citation omitted). <u>see also</u>: U.S.C.A Const. Amends. 6 and 14.

2. Due process implicated where a criminal defendant is kept completely ignorant of a 'contractual plea agreement' for a lesser penalty whereuponthe government later admitted the existence of such contractual plea agreement (years after conviction) and subsequently on appeal forwards the options available to appellant for that breach of contract, <u>State v. Brunning</u>, 2013 Ohio 930, at: ¶9, i.e., "withdrawal of the plea, or a seek specific performance," with which the appellate court denies the required and mandated relief urging that appellant was somehow required to file an *affidavit with his motion swearing that he would halve accepted (had he know) the 5-year contractual sentencing agreement over the 7-year prison term imposed. <u>see</u>: <u>Haley v. United States</u> (C.A. 6 2001), 3 Fed. App LEXIS 426, 2001WL 133131' and, U.S.C.A. Const. Amend. 6. [sic]

*Id.* at 296. The Supreme Court of Ohio declined to accept jurisdiction of Petitioner's appeal. *Id.* at 316.

On October 31, 2016, Petitioner, acting *pro se*, filed a second motion for leave to withdraw his guilty plea, arguing for specific performance on a plea offer of five years allegedly made by the State.[3] ECF Dkt. #6-1 at 317. The trial court overruled Petitioner's second motion to withdraw his plea on December 9, 2016. *Id.* at 338. Petitioner then filed a timely notice of appeal in the Fifth District Court of Appeals, asserting that his due process and equal protection rights were violated when he was kept ignorant of "an underlying contractual plea agreement for (5) years" between his defense counsel and state prosecutors, and was then sentenced to a prison term of seven years. *Id.* at 343. On February 6, 2017, the appellate court dismissed Petitioner's appeal as barred by res judicata. *Id.* at 338.

---

[3]Respondent maintains that no such plea offer existed. ECF Dkt. #6 at 7. Respondent states throughout the motion to dismiss that Petitioner is attempting to capitalize on the State's clerical error in the procedural history of a prior brief, as discussed below. *Id.*

On February 28, 2017, Petitioner, *pro se*, filed a timely notice in the Supreme Court of Ohio. *Id.* at 386. Petitioner asserted the following proposition of law:

> 1. When facts (which have been admitted by the State of Ohio) dehor the record) making manifest the existence of a non-notified plea offer of (5) five years, due process and equal protection are implicated whenboth the trial and appellate courts require an indigent defendant to: (1) produce a trans[cript] of proceedings which, and despite appellant's indigency, he cannot purchase & is not needed to prove the *admitted material fact which dehors the record in law and fact; and, (2) prove that both appellant and the trial court would have accepted the (5) five year plea offer verses the (7) seven years imposed *sentence. see: State v. Brunning, 2013 Ohio 930, at: 9; Santobello v. New York, @ 404 U.S. 257; Griffin v. United States (C.A. 6, 2003), 330 D. 3d 733, 737; and Johnson v. Duckworth (C.A. 7, 1986), 793 F. 2d 367. [sic]

*Id.* at 389. The State asserted that the alleged "uncommunicated" plea offer of five years remaining at issue was entirely premised on a clerical error in the State's prior response to Petitioner's first motion to withdraw his guilty plea. *Id.* at 404. On June 21, 2017, the Supreme Court of Ohio declined to accept jurisdiction of Petitioner's appeal.[4]

## II.   FEDERAL HABEAS CORPUS

Petitioner, acting *pro se*, filed a § 2254 federal habeas corpus petition on March 14, 2017. ECF Dkt. #1. In his habeas petition, Petitioner asserts the following grounds for relief:

> **GROUND ONE**: [Absent an 'articulated' adjudication of guilt, there is no judgment of conviction hence, no final appealable order with which petitioner* is deprived his liberty without due process of law. see: State v. Whitfield , 124 Ohio St. 3d 319; State v. Poindexter (1988), 36 Ohio St. 3d 1,5, 520 N.E. 2d 568; and, State v. Reese, 2007 Ohio 2267, at: *10.
>
> > "In cases decided after the adoption of this rule, we have continued to recognize that a judgment of conviction is composed of two essential elements: the guilt determinat[ion] and the sentence. E.g., State v. Poindexter (1988), 36 Ohio St. 3d 1,5, 520 N.E. 2d 568 ("'conviction' includes both the guilt determination and the penalty imposition;" State v. [ ] Whitfield, 124 Ohio St. 3d 319, 2010 Ohio 2, 922 N.E. 2d at: 182, at: *24 ("a 'conviction' consists of a guilty verdict – and the imposition of a sentence or penalty." … " see: State v. Lester, 130 Ohio St. 3d 303, at: [*P26]. see also: State v. Reese, 2007 Ohio 2267, at: *10, to wit:
>
> "This Court held in Miller that "in the context of a guilty or no con[test] plea, it is also not sufficient for the trial court to note only that it accepted the defendant's plea. The trial court must enter a finding of guilt to comply with Crim. R.

---

[4]Supreme Court of Ohio, Public Docket, *State v. Moore*, 2017-0292, http://supremecourt.ohio.gov/pdf_viewer/pdf_viewer.aspx?pdf=212393.pdf (last visited November 8, 2017).

-5-

32(C)." Mille, at: *14. See also, State v. Sandlin, 4th Dist. No. 05CA23, 2006 Ohio 5021, at: *3 (deciding that the imposition of a sentence do[es] not satisfy this element of Crim. R. 32(C), which "requires that the verdict [or finding] itself be recorded in the court's journal," and that "[w]ithout the jour nalization of this information, there is no judgment of conviction pursuant to Crim. R. 32(C) and therefore, no final appealable order." id: (emphasis added). [a]nd we simply don't have that here. [sic]

**GROUND TWO**: [T]he failure to notify a criminal defendant ['at the plea colloquy'] of the consequences of a violation of postrelease control sanction, i.e., 'in nine month increments,' O.R.C. § 2943.032(E); Crim. R. 11(C)(2)(a); and, O.R.C. § 2929.19(B)(3)(e) implicates the plea as far less than knowingly, intelligent ly and voluntarily made. see: State v. Boswell, 121 Ohio St. 3d 575; State v. Qualls, 131 Ohio St. 3d 499; State v. Bloomer, 122 Ohio St. 3d 200; King v. Dutton, 17 F. 3d 151, 153 (6th Cir. 1994). *compare: Myers v. Warren Correction al Institution, 2011 WL 7039933.

> 'While the federal courts have held that a failure to advise a defendant about postrelease control does not ordinarily render the plea constitutionally unsound, *such is not the case where 'the maximum penalty involved requirement' of: Crim. R. 11(C)(2)(a) notification at the plea colloquy was not met.'

> 'Such fact is all the more buttressed where, as here, it appears that there exists a prima facie and *admitted vio lation of the United States Supreme Court holding in: Santobello v. New York, 404 U.S. ___, where defendant was kept completely ignorant of a *plea negotiation between defense counsels and the state. [sic]

**GROUND THREE**: [W]here a state appellate court denies a 'declared indigent defendant' [a] *transcript of proceedings on appeal, and then compounds that constitution[al] erro by denying the indigent defendant *counsel, Crim. R. 44(A); and, U.S.C.A. Const. Amend. 6, due process, the right to counsel, equal protection of law and that of fundamental fairness are violated when teh appellate court then asserts 'the lack of a transcript' and 'an inability to understand appellant's *pro se claims' as basis to deny and dismiss the appeal. see: Britt v. North Carolina, 404 U.S. 227; Greene v. Brigano, 123 F. 3d 917 (6th Cir.); and Griffin v. Illinois, 351 U.S. 12.

> "… a state may not condition a defendant's exercise of a right to appellate review upon his ability to pay for [that] right. A state must provide indigent prisoners with *basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners. id., at: Greene v. Brigano, 123 F. 3d 917 (6th Cir.) 1997), at HN2; and Griffin vi Illinois, 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585 (1956) ("the state must provide an indigent defendant with a transcript of prior proceedings when transcript is needed for an adequate defense or appeal." id, at: Britt v. North Carolina at 404 U.S. 226, 227. [sic]

**GROUND FOUR**: [T]he United States Supreme Court has held, in: Santobello v. New York, 404 U.S. 357, that:

-6-

> "When a plea rests in any significant degrees on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. The staff lawyers in a prosecutor's office have [the] burden of letting the left hand know what the right is do[ing] or has done. That the breach of an agreement is inadvertence does not lessen its impact." see: State v. Adams, 2012 Ohio at 724, at HN2

> The State of Ohio did subsequently pled on appeal: Case No. 2016 CA 00094, that:

>> "…the defendant has the option to withdraw his plea or seek specific performance." quoting: Santobello, supra, and, *State v. Brunning, 2013 Ohio 930, at: *9. id., at: State's Brief, pg. 6, lines 21-22.

> In denying the appeal, *** the Fifth Appellate Court correctly reasoned that:

>> "A defense attorney's failure to notify his client of a prosecutor's plea offer constitutes ineffective assistance of counsel under the Sixth Amendment and satisfies the deficient performance prong of the Strickland test. Griffin v. *United States (C.A. 6, 2003), 330 F. 3d 733, 737. See Also, Williams v. Arn (N.D. Ohio 1986)m 654 F. Supp. 226 (a trial attorney performs deficiently when he or she does not disclose to [the] client that the state had made a plea offer); Johnson v. Duck worth (C.A. 7, 1986), 793 R. 2d 898, … (criminal defen[se] attorneys have a duty to inform their clients of plea bargains proffered by the prosecution; failure to do so constitute[es]* ineffective assistance of counsel under the Sixth and Fourteenth Amendments)." id., at: OPINION, at: *20.

> There has then clearly been an unreason application of federal law and determined by the United States Supreme Court, 28 U.S.C. § 2254(d), and as well, that 'clearly erroneous' application has reduced the applicability and intent of the rule of law to a nullity. [sic]

ECF Dkt. #1 at 17-26. Respondent filed the motion to dismiss on May 30, 2017. ECF Dkt. #6. Following the filing of Respondent's motion to dismiss on May 30, 2017, Petitioner made several filings alleging that Respondent failed to comply with Rule 5 of the Rules Governing Section 2254 Cases, as ordered by the Court. ECF Dkt. #7; ECF Dkt. #9; ECF Dkt. #10; ECF Dkt. #11. For the reasons stated in the Order filed contemporaneously with the instant Report and Recommendation, Petitioner's motion for compliance (ECF Dkt. #7) was denied. Petitioner did not file a motion in opposition to Respondent's motion to dismiss, but instead briefly addresses Respondent's assertions in his additional filings.[5] *See* ECF Dkt. #9 at 2-3; ECF Dkt. #10 at 2.

---

[5]Petitioner also provides a discussion of the AEDPA statute of limitations in his habeas petition. ECF Dkt. #1 at 33-37.

## III.   PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "[p]rocedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run from the latest of:

> A.   The date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> B.   The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action;
>
> C.   The date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D.   The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### B.   Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th

Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688–89 (2nd Cir. 1984)).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *cert. denied*, 509 U.S. 907 (1993). In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id.* at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031–32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the burden ... of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218–19 (1950), overruled in part on other grounds, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C. Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 730. For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there are no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit established a four-pronged analysis to determine whether a claim has been procedurally defaulted under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423–24 (1991). Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman*, 501 U.S. at 729–30; *Richey v. Mitchell*, 395 F.3d 660 at 678 (2005) (holding that "a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (holding that if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (holding that even if the issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises). Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d at 313–14. Under the fourth prong,

a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel*, 301 F. Supp. 2d 698, 722 (N.D. Ohio 2004).

## IV. STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion, and procedural default, the AEDPA governs this Court's review of the instant case because Petitioner filed the instant § 2254 federal habeas corpus petition well after the AEDPA's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir.1997), *cert. denied*, 522 U.S. 1112 (1998). Under § 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

-11-

28 U.S.C. § 2254(d). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*.; *see also Bailey v. Mitchell*, 271 F.3d 652, 655–56 (6th Cir. 2001).

The Sixth Circuit offers the following guidelines for applying the AEDPA limitations:

A. Decisions of lower federal courts may not be considered.

B. Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C. The state court decision may be overturned only if:

1. It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal]; or

2. The state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent'; or

3. 'The state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case'; or

4. The state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

> D. Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable. That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'
>
> E. Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey*, 271 F.3d at 655–56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine*, 986 F.2d at 1514. The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## V. ANALYSIS

Respondent asserts that Petitioner's habeas petition is barred by the one-year statute of limitations imposed by the AEDPA. ECF Dkt. #6 at 11. Continuing, Respondent states that since Petitioner's sentencing entry was filed on December 13, 2013, his conviction became final on

January 12, 2014, the expiration of the thirty-day period allowed for seeking an appeal under Ohio Appellate Rule 4. *Id.* Respondent indicates that Petitioner's one-year period to file his habeas petition began running on January 13, 2014, and expired uninterrupted on January 13, 2015. *Id.*

In his habeas petition, Petitioner appears to argue that he falls under the "new sentence exception" as his prison sentenced was increased. ECF Dkt. #1 at 37 (citing *In re Stansell*, 828 F.3d 412 (6th Cir. 2017)). However, as indicated by Respondent, Petitioner was never resentenced after his 2013 conviction and sentencing, and thus any *Stansell* argument is inapplicable to his case. Petitioner also appears to claim that an alternative start date for the statute of limitations exists in this case beginning on the date the factual predicate for his claims could have been discovered through reasonable diligence, which he claims is April 15, 2016. *Id.* The new evidence relied upon by Petitioner is the "secreted (5) five year contractual plea negotiation between defense counsels and the prosecution." [sic] *Id.*

Despite Petitioner's insistence that a secret agreement existed between his attorneys and the prosecution, he has not produced any evidence supporting the existence of any such agreement. It appears that, as stated by Respondent, that Petitioner's claim that a secret plea agreement existed is based on an error in the pleadings made in response to Petitioner's motion to withdraw his guilty plea. *See* ECF Dkt. #6-1 at 217. What does appear in the record is Petitioner's plea agreement, signed by Petitioner, the presiding judge, the prosecuting attorney, and Petitioner's attorney. *Id.* at 8. A review of the plea agreement shows that there was no agreed sentence. *Id.* Further, the trial court's sentencing entry indicates that Petitioner received an aggregate sentence of seven years. *Id.* at 16-17.

Petitioner has failed to show that he filed his habeas petition in a timely manner or that the one-year period in which he could timely file a petition began on an alternative start date. Accordingly, Petitioner has failed to timely file his habeas petition unless he can establish that he is entitled to statutory or equitable tolling. *See Artuz Bennett*, 531 U.S. 4, 8-9 (2000); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (internal citation omitted). Petitioner is unable to show that he is entitled to statutory tolling as the one-year statute of limitations expired uninterrupted and Petitioner filed no state collateral actions during this time that may have served to toll the statute of

limitations. Petitioner's statute of limitations expired on January 13, 2015, and no state collateral actions were filed until July 9, 2015. *See* ECF Dkt. #6-1 at 14, 22. Accordingly, Petitioner is not entitled to statutory tolling.

Likewise, Petitioner is not entitled to equitable tolling. Petitioner carries the burden of showing that he is entitled to equitable tolling due to circumstances beyond his control. *See Jurado*, 337 F.3d at 642; *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Petitioner has failed to establish that he is entitled to equitable tolling in this case. The only reason Petitioner offers to explain his failure to diligently file his habeas petition is the alleged secret plea agreement. ECF Dkt. #1 at 37; ECF Dkt. #9 at 2-3. Again, Petitioner has offered no evidence of a secret plea agreement beyond what appears to be a single error by the State. *See* ECF Dkt. #6-1 at 217. Finally, Petitioner does not assert that he is entitled to equitable tolling since he is actually innocent. Accordingly, Petitioner has failed to show that he is entitled to a statutory or equitable tolling period that could mitigate his failure to file his habeas petition in a timely manner.

## VI. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court find that Petitioner's habeas petition is barred by the applicable statute of limitations, GRANT Respondent's motion to dismiss (ECF Dkt. #6), and DISMISS Petitioner's federal habeas petition (ECF Dkt. #1) in its entirety with prejudice.

Dated: November 14, 2017  */s/ George J. Limbert*
George J. Limbert
United States Magistrate Judge

<u>ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Crim. P. 59. Failure to file objections within the specified time constitutes a WAIVER of the right to appeal the Magistrate Judge's recommendation. *Id.*</u>