IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CORVAWN MOORE, | ) | CASE NO. 5:17CV593 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| LYNEAL WAINWRIGHT, | ) | |
| | ) | ORDER ADOPTING REPORT AND |
| Respondent. | ) | RECOMMENDATION |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge George J. Limbert, which was issued on November 14, 2017 (ECF #13). For the following reasons, the Report and Recommendation, is hereby ADOPTED.

On March 14, 2017, Petitioner Corvawn Moore filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254,[1] challenging the constitutionality of the seven-year sentence imposed after Petitioner pleaded guilty to one count of aggravated robbery and one count of felonious assault, each with a firearm specification, in the Stark County Court of Common Pleas. (ECF #1). Petitioner raises the following as grounds for relief:

> **GROUND ONE**: [Absent an 'articulated' adjudication of guilt, there is no judgment of conviction hence, no final appealable order with which petitioner* is deprived his liberty without due process of law. see: State v. Whitfield, 124 Ohio St. 3d 319; State v. Poindexter (1988), 36 Ohio St. 3d 1,5, 520 N.E. 2d 568; and, State v. Reese, 2007 Ohio 2267, at: *10.
>
>> "In cases decided after the adoption of this rule, we have continued to recognize that a judgment of conviction is composed of two essential elements: the guilt determinat[ion] and the sentence. E.g., State v. Poindexter

---

[1] The Antiterrorism and Effective Death Penalty Act of 1992 (hereafter "AEDPA").

(1988), 36 Ohio St. 3d 1,5, 520 N.E. 2d 568 ("'conviction' includes both the guilt determination and the penalty imposition;" State v. [ ] Whitfield, 124 Ohio St. 3d 319, 2010 Ohio 2, 922 N.E. 2d at: 182, at: *24 ("a 'conviction' consists of a guilty verdict – and the imposition of a sentence or penalty." … " see: State v. Lester, 130 Ohio St. 3d 303, at: [*P26]. see also: State v. Reese, 2007 Ohio 2267, at: *10, to wit:

"This Court held in Miller that "in the context of a guilty or no con[test] plea, it is also not sufficient for the trial court to note only that it accepted the defendant's plea. The trial court must enter a finding of guilt to comply with Crim. R.32(C)." Mille, at: *14. See also, State v. Sandlin, 4th Dist. No. 05CA23, 2006 Ohio 5021, at: *3 (deciding that the imposition of a sentence do[es] not satisfy this element of Crim. R. 32(C), which "requires that the verdict [or finding] itself be recorded in the court's journal," and that "[w]ithout the journalization of this information, there is no judgment of conviction pursuant to Crim. R. 32(C) and therefore, no final appealable order." id: (emphasis added). [a]nd we simply don't have that here. [sic]

**GROUND TWO**: [T]he failure to notify a criminal defendant ['at the plea colloquy'] of the consequences of a violation of postrelease control sanction, i.e., 'in nine month increments,' O.R.C. § 2943.032(E); Crim. R. 11(C)(2)(a); and, O.R.C. § 2929.19(B)(3)(e) implicates the plea as far less than knowingly, intelligently and voluntarily made. see: State v. Boswell, 121 Ohio St. 3d 575; State v. Qualls, 131 Ohio St. 3d 499; State v. Bloomer, 122 Ohio St. 3d 200; King v. Dutton, 17 F. 3d 151, 153 (6th Cir. 1994). *compare: Myers v. Warren Correction al Institution, 2011 WL 7039933.

> 'While the federal courts have held that a failure to advise a defendant about postrelease control does not ordinarily render the plea constitutionally unsound, *such is not the case where 'the maximum penalty involved requirement' of: Crim. R. 11(C)(2)(a) notification at the plea colloquy was not met.'

> 'Such fact is all the more buttressed where, as here, it appears that there exists a prima facie and *admitted vio lation of the United States Supreme Court holding in: Santobello v. New York, 404 U.S. ___, where defendant was kept completely ignorant of a *plea negotiation between defense counsels and the state. [sic]

**GROUND THREE**: [W]here a state appellate court denies a 'declared indigent defendant' [a] *transcript of proceedings on appeal, and then compounds that constitution[al] error by denying the indigent defendant *counsel, Crim. R. 44(A); and, U.S.C.A. Const. Amend. 6, due process, the right to counsel, equal protection of law and that of fundamental fairness are violated when the appellate court then asserts 'the lack of a transcript' and 'an inability to understand appellant's *pro se

claims' as basis to deny and dismiss the appeal. see: Britt v. North Carolina, 404 U.S. 227; Greene v. Brigano, 123 F. 3d 917 (6th Cir.); and Griffin v. Illinois, 351 U.S. 12.

> "… a state may not condition a defendant's exercise of a right to appellate review upon his ability to pay for [that] right. A state must provide indigent prisoners with *basic tools of an adequate defense or appeal, when those tools are available for a price to other prisoners. id., at: Greene v. Brigano, 123 F. 3d 917 (6th Cir.) 1997), at HN2; and Griffin vi Illinois, 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585 (1956) ("the state must provide an indigent defendant with a transcript of prior proceedings when transcript is needed for an adequate defense or appeal." id, at: Britt v. North Carolina at 404 U.S. 226, 227. [sic]

**GROUND FOUR**: [T]he United States Supreme Court has held, in: Santobello v. New York, 404 U.S. 357, that:

> "When a plea rests in any significant degrees on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. The staff lawyers in a prosecutor's office have [the] burden of letting the left hand know what the right is do[ing] or has done. That the breach of an agreement is inadvertence does not lessen its impact." see: State v. Adams, 2012 Ohio at 724, at HN2

The State of Ohio did subsequently pled on appeal: Case No. 2016 CA 00094, that:

> "…the defendant has the option to withdraw his plea or seek specific performance." quoting: Santobello, supra, and, *State v. Brunning, 2013 Ohio 930, at: *9. id., at: State's Brief, pg. 6, lines 21-22.

In denying the appeal, *** the Fifth Appellate Court correctly reasoned that:

> "A defense attorney's failure to notify his client of a prosecutor's plea offer constitutes ineffective assistance of counsel under the Sixth Amendment and satisfies the deficient performance prong of the Strickland test. Griffin v. *United States (C.A. 6, 2003), 330 F. 3d 733, 737. See Also, Williams v. Arn (N.D. Ohio 1986)m 654 F. Supp. 226 (a trial attorney performs deficiently when he or she does not disclose to [the] client that the state had made a plea offer); Johnson v. Duckworth (C.A. 7, 1986), 793 R. 2d 898, … (criminal defen[se] attorneys have a duty to inform their clients of plea bargains proffered by the prosecution; failure to do so constitute[es]* ineffective assistance of counsel under the Sixth and Fourteenth Amendments)." id., at: OPINION, at: *20.

> There has then clearly been an unreasonable application of federal law and determined by the United States Supreme Court, 28 U.S.C. § 2254(d), and as well, that 'clearly erroneous' application has reduced the applicability and intent of the rule of law to a nullity. [sic][2]

(ECF #1 at pp. 17-26).

Respondent filed a Motion to Dismiss the Petition as time-barred on May 30, 2017. (ECF #6). Petitioner did not file a reply to the Motion to Dismiss, but filed a Motion for Compliance with habeas corpus Rule 5 (ECF #8), which was denied by Magistrate Judge Limbert (ECF #12).

In the Report and Recommendation, Magistrate Judge Limbert found that Petitioner's writ is time-barred under Section 2244(d)(1)(A) of the AEDPA, and recommends that such petition be DISMISSED, and that Respondent's Motion to Dismiss be GRANTED. Petitioner filed Objections on November 27, 2017. (ECF #14). The Court adopts the Magistrate Judge's recommendations for the reasons set forth below.

I.  Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. Fed. R. Civ. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept,

---

[2] Ground Four refers to Petitioner's belief of an alleged "uncommunicated" plea offer of five years (as opposed to the seven-year sentence Petitioner accepted). The Supreme Court of Ohio declined to accept jurisdiction of this matter. (See ECF #13, pp. 3-4).

> reject, or modify the recommended decision, receive further evidence, or
> recommit the matter to the magistrate judge with instructions.

Accordingly, this Court will review the Report and Recommendation, to which timely objections have been filed, *de novo*. *See Dacas Nursing Support Sys., Inc., v. NLRB*, 7 F.3d 511 (6th Cir. 1993).

II.     Legal Analysis

As Magistrate Judge Limbert outlined, the AEDPA requires a state prisoner seeking a writ of habeas corpus to file his petition within one year after his state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Magistrate Judge Limbert reviewed and outlined the procedural history in this matter, and found that Petitioner was required to file his habeas petition on or before January 13, 2015. (See ECF #13, p. 14). However, Petitioner filed this habeas action on March 14, 2017, more than two years after the expiration of the statute of limitations period. Therefore, Petitioner's habeas corpus petition is time-barred under § 2244(d)(1)(A) of the AEDPA.

Magistrate Judge Limbert noted that statutory and equitable tolling exist under the AEDPA, which under proper circumstances, extend the one-year statute of limitations. Under § 2244(d)(2), the time during which a properly filed application for post-conviction or other collateral relief is pending is not counted against the AEDPA's one-year filing limitation. However, Magistrate Judge Limbert found that none of Petitioner's post-conviction filings served to extend the statute of limitations through statutory tolling. (ECF #13, pp. 14-15).

Magistrate Judge Limbert also discussed equitable tolling of the statute of limitations under the AEDPA, indicating that Petitioner "carries the burden of showing that he is entitled to equitable tolling due to circumstances beyond his control." (ECF #13, p. 15). Magistrate Judge

Limbert found that Petitioner did not meet this burden, as Petitioner's only explanation for failing to timely file his habeas petition involves the alleged "secret plea agreement" that has not been shown to exist.[3] Therefore, Petitioner cannot rely upon equitable tolling to mitigate his failure to file his habeas petition in a timely manner.

Magistrate Judge Limbert also indicated that Petitioner could not use the "new sentence" exception or the "newly discovered evidence" exception to extend the one-year statute of limitations under the AEDPA, as the facts presented by Petitioner do not support applying these exceptions. (See ECF #13, p. 14). Furthermore, the Magistrate Judge indicated that Petitioner failed to argue the "actual innocence" exception, so that exception does not apply herein.

For these reasons, Magistrate Judge Limbert found that Petitioner's habeas corpus action is time-barred under § 2244(d)(1)(A) of the AEDPA one-year statute of limitations. Petitioner's Objection and Rebuttal to the Report and Recommendation does not raise any meritorious or valid legal arguments to excuse Petitioner from the timely filing requirements set forth in the AEDPA.

III.    Conclusion

This Court has reviewed the Report and Recommendation of this case *de novo, see Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993), and has considered all of the pleadings, affidavits, motions, and filings of the parties. The Court finds Magistrate Judge Limbert's Report and Recommendation to be thorough, well-written, well-supported and correct. After careful evaluation, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge in its entirety.

---

[3]    Magistrate Judge Limbert also indicated that Petitioner failed to argue the "actual innocence" exception to the AEDPA statute of limitations. (ECF #13, p. 15).

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(C); Fed. R. App. P. 22(b).

Therefore, the Report and Recommendation of Magistrate Judge George J. Limbert, (ECF #13), is ADOPTED.

IT IS SO ORDERED.

                                              s/Donald C. Nugent
                                              DONALD C. NUGENT
                                              United States District Judge

DATED: December 21, 2017